IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| INAR HENRY KUZAKIN,<br><br>Plaintiff,<br><br>vs.<br><br>ANCHORAGE CORRECTIONAL COMPLEX EAST, *et al.*,<br><br>Defendants. | Case No. 3:26-cv-00008 RRB<br><br>**ORDER OF DISMISSAL** |

Before this Court is the above-captioned case filed by self-represented litigant Inar Henry Kuzakin ("Plaintiff"). He filed a "Complaint for Violation of Civil Rights (Prisoner Complaint") pursuant to 42 U.S.C. § 1983 on January 7, 2026, alleging that while he was incarcerated, he was "served food that will put me into anaphylactic shock," including apples and pears, to which he has a known allergy.[1]

On June 23, 2026, the Court screened the Complaint, found it deficient, and granted Plaintiff leave to file an Amended Complaint or a Notice of Voluntary Dismissal.[2] The Court's Order at Docket 14 warned of the potential dismissal of this action in the event

[1] Docket 1 at 3.
[2] Docket 14.

of noncompliance.[3] To date, Plaintiff has not responded or otherwise contacted the Court. Therefore, this case must be DISMISSED for failure to comply with an order of the Court[4] and failure to prosecute.[5] The Court finds no other lesser sanction to be satisfactory or effective in this case.[6]

**IT IS THEREFORE ORDERED:**

1. This action is **DISMISSED without prejudice**.

2. All pending motions are **DENIED as moot.**

3. The Clerk of Court shall issue a final judgment and close this case.

IT IS SO ORDERED this 10th day of November, 2026, at Anchorage, Alaska.

*/s/ Ralph R. Beistline*
RALPH R. BEISTLINE
Senior United States District Judge

---

[3] *Ferdik v. Bonzelet,* 963 F.2d 1258, 1262 (9th Cir. 1992) ("A district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the consideration of alternatives requirement.") (citation and quotations omitted).

[4] Federal Rule of Civil Procedure 41(b). *See also Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992).

[5] *See Pagtalunan v. Galaza,* 291 F.3d 639, 642–43 (9th Cir. 2002) (discussing the factors that courts must consider in determining whether to dismiss for failure to prosecute or failure to comply with a court order).

[6] *See, e.g., Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (noting that a district court need not exhaust every sanction short of dismissal before finally dismissing a case but must explore possible and meaningful alternatives) (internal citation omitted).